1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS T. ALFORD,

11                Petitioner,                No. CIV S-07-1035 GEB DAD P

12        vs.

13   I.D. CLAY, Warden,

14                Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  On June 27, 2007, the undersigned ordered respondent to

18   serve a response to the petition.  On July 27, 2007, respondent filed a motion to dismiss on the

19   ground that petitioner filed his petition beyond the one-year statute of limitations established by

20   the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has filed a

21   timely opposition to respondent's motion to dismiss, and respondent has filed a reply.[1]

22   /////

23   _____

24         [1] Petitioner has also filed a document entitled "Motion to Dismiss Attorney Generals Motion
     to Dismiss and the Attorney Generals Reply to Opposition to Motion to Dismiss." (Docket No. 15.)
     The court has reviewed the submission and construed it as an unauthorized response to respondent's
25   reply.  See E.D. Local Rule 78-230(m).  Petitioner has offered no new arguments or evidence in this
     filing.   Rather, he merely reiterates the arguments he set forth in his opposition in light of
26   respondent's reply.

**BACKGROUND**

On March 12, 1996, petitioner pled guilty to second degree murder with use of a firearm in the Shasta County Superior Court.  (Docs. Lodged by Resp't Oct. 12, 2007, Doc. 1.)  The court sentenced petitioner to an indeterminate state prison term of fifteen years to life plus a ten-year enhancement for the use of a firearm.  (Id., Doc. 1.)  On December 17, 1996, the Court of Appeal for the Third Appellate District affirmed the judgment of conviction.  (Id., Doc. 2.)  Petitioner did not seek review in the California Supreme Court.

Petitioner has subsequently filed four state habeas petitions.  On June 2, 2005, he filed a petition for writ of habeas corpus in the California Supreme Court.  (Docs. Lodged by Resp't Oct. 16, 2007, Doc. 3.)  On July 25, 2005, the petition was ordered withdrawn as requested by petitioner.  (Id., Doc. 4.)  On June 19, 2006, he filed a petition for writ of habeas corpus in the Shasta County Superior Court.  (Id., Doc. 5.)  On July 24, 2006, the Superior Court denied the petition because it was untimely and failed to state grounds for the granting of relief.  (Id., Doc. 6.)  On August 31, 2006, he filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  (Id., Doc. 7.)  On September 28, 2006, the Court of Appeal summarily denied the petition.  (Id., Doc. 8.)  Finally, on October 18, 2006, he filed a second petition for writ of habeas corpus in the California Supreme Court.  (Id., Doc. 9.)  On May 9, 2007, the California Supreme Court denied that petition.  (Id., Doc. 10.)  Petitioner filed this federal habeas action on May 31, 2007.

**RESPONDENT'S MOTION TO DISMISS**

Respondent has filed a motion to dismiss on the grounds that petitioner's habeas petition is time-barred under AEDPA.  (Resp't's Mot. to Dismiss at 2.)  Respondent argues that petitioner filed the instant petition beyond the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1) & (2).  (Id. at 1.)  Accordingly, respondent contends that the court should dismiss this action with prejudice.  (Id. at 4.)

/////

1    Respondent argues that, on December 17, 1996, the California Court of Appeal

2    for the Third Appellate District affirmed petitioner's conviction.  (Resp't's Mot. to Dismiss at 3;

3    Docs. Lodged by Resp't Oct. 16, 2007, Doc. 2.)  Petitioner did not file a petition for review with

4    the California Supreme Court.  (Resp't's Mot. to Dismiss at 3.)  Accordingly, respondent

5    contends, petitioner's judgment of conviction became "final" within the meaning of 28 U.S.C. §

6    2244(d)(1)(A) when the time to seek direct review ended upon expiration of the 40-day period

7    following issuance of the opinion, on January 26, 1997.  (Id. at 3.)  The one-year statute of

8    limitations period began running the following day, on January 27, 1997.  (Id.)  Respondent

9    contends that the last day for petitioner to file a federal habeas petition was on January 26, 1998,

10    plus any time for tolling.  (Id.)

11    Respondent acknowledges that proper filing of a state post-conviction application

12    with respect to the challenged judgment of conviction tolls the one-year statute of limitations

13    period.  (Resp't's Mot. to Dismiss at 3.)  However, respondent argues that here petitioner did not

14    file any state collateral actions within the one-year limitations period.  (Id.)  Respondent notes

15    that although petitioner filed four state habeas petitions, the filing of a state collateral action after

16    expiration of the limitations period does not restart the statute of limitations clock or otherwise

17    save a claim from being time-barred.  (Id.)

18    Respondent concludes that, because the statute of limitations commenced on

19    January 27, 1997, and expired on January 26, 1998, petitioner's May 31, 2007 federal petition

20    was filed outside the one-year period allowed under § 2244(d) by more than nine years.

21    (Resp't's Mot. to Dismiss at 3.)

22    **PETITIONER'S OPPOSITION**

23    In opposition, petitioner argues that his ineffective appellate counsel failed to file

24    a petition for review with the California Supreme Court.  (Pet'r's Opp'n to Resp't's Mot. to

25    Dismiss at 1.)  In addition, petitioner contends that his "first petition" to the California Supreme

26    /////

1   Court was not a petition for state post-conviction relief.  (Id. at 2.)  Rather, he asserts that the

2   petition sought relief from the Court of Appeal's decision in a separate civil lawsuit.  (Id.)

3         Petitioner also argues that he received a forensic report on May 8, 2000, that

4   constitutes new evidence and demonstrates that he is factually innocent.  (Pet'r's Opp'n to

5   Resp't's Mot. to Dismiss at 2; Pet. at 5, Ex. A.)  Petitioner argues that he did not see the report

6   before he pled guilty.  (Pet. at 5.)  Petitioner further argues that, because the district attorney

7   withheld this exculpatory evidence, he entered a guilty plea.  (Id.)  Petitioner contends that the

8   report shows that at the time of the alleged crime his blood alcohol level was at .17, nearly three

9   times the legal limit.  (Id.)  Petitioner argues that the report demonstrates that he was incapable of

10  forming the intent or malice aforethought required to be found guilty of committing second

11  degree murder.  Accordingly, petitioner concludes, respondent's timeliness argument has no

12  bearing on his federal petition.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2-3.)

13                    **RESPONDENT'S REPLY**

14        In reply, respondent notes that petitioner does not dispute that the finality of direct

15  appellate review of his conviction occurred on January 26, 1997, when the time for filing a

16  petition for review with the California Supreme Court expired.  (Resp't's Reply at 2.)  In

17  addition, petitioner does not dispute that, absent tolling, his federal petition was due one year

18  later on January 26, 1998.  (Id.)

19        Although petitioner claims that his first state habeas petition was not a petition for

20  state post-conviction relief, respondent contends that this fact is inconsequential.  If anything,

21  respondent contends, this proves that petitioner did not begin state post-conviction review until

22  more than a year later than previously argued by respondent, on June 19, 2006, when he filed his

23  petition for writ of habeas corpus with the Shasta County Superior Court.  (Resp't's Reply at 2.)

24  Respondent reiterates that all of petitioner's state post-conviction petitions were filed long after

25  the AEDPA statute of limitations had expired, and therefore, had no tolling consequence.  (Id.)

26  /////

1    Finally, respondent acknowledges that, in <u>Schlup v. Delo</u>, 513 U.S. 298 (1995),

2    the Supreme Court established that habeas petitioners can receive consideration of constitutional

3    claims that would otherwise be procedurally barred if they can demonstrate actual innocence.

4    (Resp't's Reply at 2.)  However, respondent contends that in order to avail himself of such

5    review petitioner must show that "it is more likely than not that no reasonable [trier of fact]

6    would have convicted [him]."  (<u>Id.</u> at 3) (quoting <u>Schlup</u>).  Respondent argues that in this case

7    the forensic report is not new evidence that proves petitioner's factual innocence or satisfies the

8    <u>Schlup</u> standard.  (<u>Id.</u>)  Rather, the report in question merely shows that petitioner was

9    intoxicated at the time of the incident.  Respondent argues that this is not new evidence because

10   petitioner knew at the time he pled guilty whether or not he was intoxicated when the incident

11   occurred.  (<u>Id.</u>)  Moreover, respondent contends that petitioner's blood alcohol level of .17 is not

12   sufficient evidence to carry his burden under <u>Schlup</u> because it cannot be said that it is more

13   likely than not that no reasonable juror would have convicted him had they been aware of such

14   evidence.  (<u>Id.</u> at 3.)

15   Respondent notes that petitioner has offered no additional evidence, such an

16   expert's declaration or testimony from his girlfriend (who witnessed the murder) that he was so

17   profoundly inebriated at the time of the murder that he was ignorant to his own actions.  (<u>Id.</u> at

18   3.)  Accordingly, respondent concludes that petitioner has failed to carry his heavy burden of

19   demonstrating entitlement to pass through the actual innocence gateway.  (<u>Id.</u>)  Respondent

20   concludes that the federal petition should be dismissed with prejudice because it is time-barred.

21                                      **ANALYSIS**

22   I.  <u>Statute of Limitations</u>

23   Under AEDPA, a one-year period of limitation applies to a petition for writ of

24   habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state

25   court.  28 U.S.C. § 2244(d)(1).  This statute of limitations applies to all federal habeas petitions

26   /////

1   filed after AEDPA was enacted.  Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  The pending

2   petition falls in this category.

3          On March 12, 1996, petitioner pled guilty to second degree murder with use of a

4   firearm.  (Docs. Lodged by Resp't Oct. 16, 2007, Doc. 1.)  On appeal, the California Court of

5   Appeal affirmed the judgment on December 17, 1996.  (Id., Doc. 2.)  The Court of Appeal's

6   decision became final thirty days after filing.  See Cal. Rules of Court 8.264 (formerly Rule 24).

7   Accordingly, for purposes of § 2244(d)(1)(A), petitioner's judgment of conviction became final

8   on January 26, 1997, upon expiration of the ten-day period to file and serve a petition for review

9   with the California Supreme Court.  See Cal. Rules of Court 8.500 (formerly Rule 28).  The

10  AEDPA statute of limitations began to run the following day, on January 27, 1997.  Patterson v.

11  Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

12         Petitioner did not file any state habeas petitions for collateral relief in the year

13  following January 27, 1997.  Thus, the one-year period of limitation ran without interruption

14  from January 27, 1997, until it expired on January 26, 1998.  Petitioner's federal habeas petition

15  dated May 29, 2007, was received by the court for filing on May 31, 2007, more than ten years

16  after the AEDPA statute of limitations had expired.  Accordingly, petitioner's petition for writ of

17  habeas corpus is time barred.

18  II.  Actual Innocence Claim

19         As both parties recognize, a habeas petitioner's "otherwise-barred claims [may be]

20  considered on the merits . . . if his claim of actual innocence is sufficient to bring him within the

21  'narrow class of cases . . . implicating a fundamental miscarriage of justice.'"  Carriger v.

22  Stewart, 132 F.3d 463, 477 (9th Cir. 1997) (quoting Schlup v. Delo, 513 U.S. 298, 315 (1995)).

23  A petitioner's claim of actual innocence must be supported "with new reliable evidence–whether

24  it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

25  evidence–that was not presented at trial."  Schlup, 513 U.S. at 324.  The petitioner "must show

26  that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than

6

1   not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"

2   Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327).  See also

3   Griffin v. Johnson, 350 F.3d 956, 962-63 (9th Cir. 2003); Sistrunk v. Armenakis, 292 F.3d 669,

4   672-73 (9th Cir. 2002) (en banc); Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002).

5          The new evidence which petitioner relies upon here consists of a toxicology report

6   that indicates that his blood-alcohol level was at .17 at the time he committed the crime of

7   conviction.  The court finds that petitioner has not satisfied the Schlup actual innocence standard.

8   The report he relies upon does not provide any compelling evidence regarding the commission of

9   the crime nor does it fundamentally call into question the reliability of his conviction.  At most,

10  the report shows petitioner was intoxicated when the incident occurred.  Such evidence does not

11  meet the high bar set by the Supreme Court in Schlup and is not the sort of compelling new

12  evidence from which it could be concluded that it is more likely than not that no reasonable juror

13  would have found petitioner guilty beyond a reasonable doubt.  Accordingly, the court concludes

14  that the instant petition should be dismissed with prejudice because it is time barred.

                                    **CONCLUSION**

15

16          For the reasons set forth above, IT IS HEREBY RECOMMENDED that

17  respondent's July 27, 2007 motion to dismiss the petition as barred by the statute of limitations

18  be granted.

19          These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

21  days after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  A document containing objections

23  should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply

24  to objections shall be served and filed within ten days after service of the objections.  The parties

25  are advised that failure to file objections within the specified time may, under certain

26  /////

1   circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951

2   F.2d 1153 (9th Cir. 1991).

3   DATED: November 29, 2007.

4

5                                                    _____

6                                                    DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE
7   DAD:9
    alfo1035.157
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26